## THE STATE v. SANDERS, *Appellant.*

1. **Murder**: PLEADING. An indictment for murder need not specify the particular part of the body upon which the mortal wound was inflicted.

2. ———— : EVIDENCE. Where an indictment for murder charges the infliction of one mortal wound, it is no error to admit evidence of several wounds, one of which was mortal.

3. ———— : ————. Immediately after defendant had committed a homicide, he was seized by a by-stander, whom he attempted to stab in order to escape. Upon a trial for the homicide; *Held,* that proof of the attempt to stab was admissible.

4. **Criminal Law**: DEFENDANT AS A WITNESS. If the defendant in a criminal case testifies in his own behalf, his relation to the case may be considered by the jury as affecting his credibility.

5. **A remark** of the judge of the trial court in relation to the evidence, made in the presence of the jury; *Held,* not to be such as to call for a reversal.

*Appeal from Mississippi Circuit Court.*—Hon. J. D. FOSTER, Judge.

AFFIRMED.

*l. C. O'Bryan* and *R. B. Smith* for appellant.

*D. H. McIntyre,* Attorney General, and *J. J. Russell,* Prosecuting Attorney for Mississippi county, for the State.

NORTON, J.—The defendant was indicted in the circuit court of Mississippi county, at its February term, 1882, for murder in the first degree, for killing one Moses Wing, on the 19th day of November, 1881. He was put upon his trial at the same term the indictment was found, and convicted of murder in the first degree. From this judgment of conviction the defendant has appealed to this court, and through his counsel has assigned various grounds of error, the first of which is the action of the court in overruling a demurrer to the indictment.

The court was asked to sustain the demurrer on the

ground that the indictment was vague, uncertain and indefinite, in that it did not specify the particular part of the body on which the mortal wound was inflicted, nor describe the wound. Under the ruling of this court in the case of the *State v. Edmundson,* 64 Mo. 398, the objection to the indictment was not well taken, and the demurrer to it was properly overruled.

*1. MURDER: pleading.*

During the progress of the trial the physician who made the *post mortem* examination, was allowed to testify as to four wounds found on the body of deceased, one of which he said was mortal. Defendant objected to this evidence because the indictment alleged but one mortal wound. This objection was properly overruled. *Beal v. People,* 42 N. Y. 270; *Hamby v. State,* 36 Tex. 523; *Sanchey·v. People,* 4 Parker C. R. 535. In the case last cited it was held that when the indictment alleged that deceased was killed by "one mortal wound," and the evidence showed that two were given, the variance was immaterial, and we have held in the case of *State v. Blan,* 69 Mo. 317, that the admission of immaterial testimony which in no way prejudices the accused is no ground for a new trial.

*2. ——: evidence.*

It is also objected that the court erred in allowing a witness, who caught defendant by the collar and pulled him off of deceased at the request of deceased, to state that defendant struck at him with a knife which he had in his hand. It appears from the evidence of this witness that when he pulled defendant away from deceased, deceased walked a few steps and fell to the ground, and witness said to defendant, " Look, Alf, you have killed that man ;" whereupon defendant said, " Turn me loose," which the witness refused to do, and thereupon defendant struck at witness with the knife. We think the evidence was clearly admissible. The act of defendant was cotemporaneous with the killing, and was evidently committed in an effort to get away or escape. 1 Greenleaf Ev., § 108.

*3. ——: ——.*

It is also objected that the court erred in giving in

structions on behalf of the State. The court gave seven instructions, and six of them, with the exception of the definition of premeditation, were literal copies of instructions which received the sanction and approval of this court in the case of the *State v. Talbott*, 73 Mo. 347; and premeditation was defined as it was in the case of the *State v. Kilgore*, 70 Mo. 546, which was also sanctioned by this court.

The seventh instruction told the jury that defendant was a competent witness in his own behalf, but the fact 4. CRIMINAL LAW: that he was the defendant on trial might be defendant as a witness. taken into consideration for the purpose of affecting his credibility. This was clearly the law, and no error was committed in giving it to the jury.

It is also objected that during the argument of the prosecuting attorney before the jury, and after the close 5. A REMARK. of the argument of defendant's counsel, the judge observed that he understood the evidence of witness Lee differently from the way defendant's counsel and the State's attorney had quoted it to the jury, but that they were the exclusive judges of the facts, and presumed they remembered the evidence. We cannot see how this remark could have prejudiced the jury; there was nothing in what was said to indicate that he understood the evidence more unfavorably to the prisoner than it had been stated, but from the fact that the remark was made by way of interruption to the prosecuting attorney, the inference, if any is to be drawn, would be that the attorney for the State was stating the evidence of the witness more strongly against the prisoner than the facts warranted.

It appears from the evidence that on the night of the tragedy deceased was at his home, his wife being sick in bed, that defendant entered the house using boisterous and profane language; that he was requested by deceased to keep quiet and not raise a disturbance, and upon his refusal to do so deceased told him he would have to put him out of the house; and being defied by defendant, deceased

took hold of him neither striking him nor using more force than was necessary, according to the evidence; that in the effort deceased got defendant down on the porch or steps in front of the door, but using no violence; that when he let defendant up he used his knife with fatal effect upon the deceased. Upon a careful examination of the record we perceive no error warranting an interference with the judgment, and it is hereby affirmed, in which all the judges concur.