The State v. Jones.

THE STATE v. JONES, *Appellant.*

1. **Criminal Law** : PLEADING : PRACTICE : EVIDENCE. An indictment for felonious assault, under Revised Statutes, section 1262, and a series of instructions applicable to that offence approved, and the evidence in the case held sufficient to sustain a conviction.

2. ———: PRACTICE : INSTRUCTIONS. In a prosecution for felonious assault, under Revised Statutes, section 1262, where the evidence shows that grade of offence, it is not error to refuse to instruct that

| 86 | 623 |
| 103 | 211 |
| 44a | 517 |
| 86 | 623 |
| 124 | 416 |
| 86 | 623 |
| 141 | 555 |
| 86 | 623 |
| 162 | 189 |
| 86 | 623 |
| f165 | 266 |

the defendant may be awarded a less degree of punishment than imprisonment in the penitentiary.

*Appeal from Oregon Circuit Court.*—HON. J. R. WOOD-
SIDE, Judge.

AFFIRMED.

The indictment in this case, omitting the formal part, is as follows:

"In and upon one Leonard Allen feloniously, on purpose, and of his malice aforethought, did make an assault, and did then and there, on purpose, and of his malice aforethought, feloniously shoot him, the said Leonard Allen, in and upon the back of him, the said Leonard Allen, with a certain pistol, loaded with powder and leaden balls, which he, the said Price Jones, then and there held in his right hand, with intent then and there him, the said Leonard Allen, on purpose, and of his malice aforethought, to kill and murder, against," etc.

The testimony showed substantially the following facts: On the twenty-fourth of December, 1881, the defendant went to Mammoth Spring, in Oregon county, where he bought cartridges and loaded his pistol. Later in the same day, while at his brother's house, he was heard to say that "Leonard Allen was trying to beat him out of his girl, and if Allen tried it that night, he (defendant) intended to beat him." At a dance at his brother's, on the night of the same day, defendant examined his pistol, revolved it so that the hammer would strike upon a cartridge, and, twenty or thirty minutes later, entered the room where the dancing was in progress, and shot Leonard Allen, cutting a hole in his clothing and abrading the skin upon his back. Allen was, at the time of the shooting, talking to the young lady referred to by defendant in his remark made during the day.

Defendant was under the influence of liquor at the time of the shooting, was boisterous and abusive, and attempted, after he fired, to get to Allen to fight him, but was prevented from doing so, and taken from the room.

The court gave the following instructions for the state:

"1. The court instructs the jury that if they believe from the evidence that the defendant, at the county of Oregon, and state of Missouri, within three years next before the finding of the indictment, did feloniously, on purpose, and of his malice aforethought, shoot Leonard Allen with a certain pistol, with intent to kill him, the said Leonard Allen, they should find him guilty, and assess his punishment at imprisonment in the penitentiary for a period of not less than two years, nor more than ten years."

"2. The court instructs the jury that the words on purpose, and of his malice aforethought, as used in the indictment, mean the intentional doing of a wrongful act, without just cause or excuse."

"3. The court instructs the jury that the prosecution has admitted that George Allen, a witness for defendant, would, if present, make a certain statement (as read to the jury), as his evidence in the case, but it is not admitted that the same is true, but only that he would so swear if he were present."

"4. The court instructs the jury that they are the sole judges of the testimony and of the weight thereof, and of the credibility of the witnesses, and if the jury believe that any witness has made any wilful false statement, or sworn wilfully false to any material fact, they should disregard the whole of said witness' testimony, and in arriving at the credibility of witnesses, they may take into consideration the fact that witnesses for defendant are his relatives."

VOL. 86—40

"5. The jury are instructed that all persons are presumed to intend the natural and probable consequences of their own acts. Hence, if the weapon be such and so used as probably to produce death, the inference is that death was intended."

" 6. The court instructs the jury that if they entertain a reasonable doubt as to the guilt or innocence of defendant, they should acquit, but a doubt to authorize an acquittal, must be a real, substantial doubt, arising out of a due consideration of all the testimony, and not a mere conjecture or possibility of the defendant's inno, cence."

The court gave the following instructions, at the request of the defendant:

"1. The court instructs the jury that although they might believe from the evidence that the defendant shot yet, unless they further believe from the evidence he shot said Leonard Allen with intent to kill, they should find him not guilty."

" 3. The court further instructs the jury that the defendant came into court with the legal presumption of innocence in his favor, and that presumption maintains throughout the entire trial of the cause, until overcome by competent evidence, which should be of such a convincing character as to force the minds of the jurors to no other reasonable conclusion than that of the guilt of the defendant, or their verdict should be not guilty as charged."

"4. The court instructs the jury in this case that they are the sole judges of all the evidence and facts in this case, as well as of the credibility of the witnesses, and that it devolves upon the prosecution to make out every material allegation charged in the indictment necessary to a conviction, by competent evidence, beyond a reasonable doubt, before they would be warranted in returning a verdict of guilty, and that if you have a reasonable

The State v. Jones.

·doubt as to who fired the shot charged in the indictment, ·
your verdict should be not guilty."

"7. The court instructs the jury that unless they
believe from the evidence that the defendant did the
shooting as charged in the indictment, within three years ·
before the finding thereof, they should find the defend-
ant not guilty."

"9. The court further instructs that the defendant
·comes into court with the legal presumption of innocence
in his favor, and that presumption maintains throughout ·
the entire trial, until overcome by competent evidence ;
and that although they may believe from the evidence
that there were a number of shots fired at or in the house'
·of John Jones, on the night of the dance, yet if they
have a reasonable doubt as to who fired the shot com-
plained of in the indictment, they should acquit the de- ·
fendant, although they may believe that Price Jones fired
his pistol, also; for, before they would be warranted in
convicting the defendant, they should be satisfied from
the evidence that the defendant shot at Leonard Allen
with a felonious intent at the time to kill and murder ·
him, the said Allen, or to do him some great bodily ·
harm, and unless you so believe, your verdict should be
not guilty, as charged."

No brief for appellant.

*B. G. Boone,* Attorney General, for the state.

SHERWOOD, J.—The indictment in this cause is
framed on section 1262, Revised Statutes, 1879, and
·charges an assault with intent to kill, made with a pistol.
On being tried, the defendant was found guilty, and his
punishment assessed at two years imprisonment in the
penitentiary. The defendant is not represented in this

The State v. Jones.

court by counsel, but in discharge of the duty imposed by the statute, we have carefully examined the record and find no error therein.

I.   The evidence abundantly establishes the charge contained in the indictment of a felonious assault with an intent to kill, and it is plain from that evidence that it was no fault of the defendant that his murderous purpose was not accomplished when he shot Allen.

II.   The indictment is in all respects sufficient, and conforms to the section of the statute on which it is bottomed.

III.   The instructions given on behalf of the state, and those on the part of the defendant, fully embraced all the law of the case, and there was no error in failing to instruct that the defendant might be awarded a less degree of punishment than that of imprisonment in the penitentiary.   The section already referred to fixes the punishment at imprisonment in the penitentiary for a period not exceeding ten years, and this settles the matter. This view is also confirmed by section 1263, which prescribes the punishment to be inflicted in cases not provided for in section 1262.

Holding these views, the judgment must be affirmed. All concur, except Henry, C. J., who dissents.

HENRY, C. J., DISSENTING.—The second instruction given for the state I think erroneous, and, therefore, do not concur in the foregoing opinion.