| 21 | 595 |
| 44 | 517 |

STATE OF MISSOURI, Respondent, v. L. SMITH, Appellant.

Kansas City Court of Appeals, April 19, 1886.

PRACTICE—INSTRUCTION—REASONABLE DOUBT.—Upon an indictment, the trial court for the plaintiff gave, among others, the following instruction: "The court instructs the jury that they must believe from the evidence, beyond a reasonable doubt, that defendant is guilty, as charged in the indictment, before finding a verdict against him; and that such reasonable doubt means a reasonable, substantial, real doubt touching the defendant's guilt, and not a mere guess, conjecture or mere possibility that defendant may be innocent." *Held,* the use of the word "real" was improper.

APPEAL from Moniteau Circuit Court, HON. E. L. EDWARDS, Judge.

*Reversed and remanded.*

Statement of case by the court.

The defendant was indicted for obstructing a public road. The court for the plaintiff gave, among others, the following instruction:

"The court instructs the jury that they must believe from the evidence, beyond a reasonable doubt, that defendant is guilty, as charged in the indictment, before finding a verdict against him, and that such reasonable doubt, means a reasonable, substantial, real doubt touching the defendant's guilt, and not a mere guess, conjecture or mere possibility that defendant may be innocent."

MOORE & WILLIAMS for the appellant.

I. The court erred in the trial of the case. (1) The witnesses whose names were not endorsed on the indictment should not have been permitted to testify. (2) The conversation testified to should have been excluded. (3) The defendant should have been permitted to show the sources of his information with reference to the location

of the road. The *animus* of defendant in what he did was material, for if it was not done wilfully or knowingly (if, in fact, the obstruction of the road was made), it was no offence.

II. The court erred in the law. The instructions given for the state are very objectionable. The *first* is incomplete in leaving out the words "wilfully and knowingly;" the *second*, in submitting the question of usage and prescription, which "cuts no figure." The location of the road was required to be shown by the state, and that it was wilfully and knowingly obstructed. *State v. Culver*, 65 Mo. 607. The *fourth* and last instruction, as a legal definition of reasonable doubt, is palpably erroneous. *State v. Owens*, 79 Mo. 620. This point has been recently affirmed by the supreme court.

No brief on file for the respondent.

HALL, J.—In defining a reasonable doubt the instruction was erroneous. The use of the word "real" was improper. *State v. Owens*, 79 Mo. 631, 632.

It would have been wiser and safer for the instruction to have been entirely in the form of the instruction on this subject that has become stereotyped by use and approval in this state.

Judgment reversed, and cause remanded. All concur.