44    513
101   ⁵643

THE STATE OF MISSOURI, Respondent, v. WILLIAM R. DAVIDSON, Appellant.

### St. Louis Court of Appeals, April 21, 1891.

1. **Criminal Law**: INFORMATION. If an information is supported by the affidavit of a private person, it need not be sworn to by the prosecuting attorney or his assistant; nor need it recite that the affiant is a competent witness.

2. ———: MANNER OF OBJECTING TO INFORMATION FOR NON-INDORSEMENT OF NAMES OF WITNESSES. An objection to an information on the ground, that it does not contain the indorsement of the names of any of the witnesses for the prosecution, cannot be raised for the first time on the appeal of the cause; it must be raised in the trial court by motion to quash the information.

3. ———: ASSAULT AND BATTERY: COMPETENCY OF EVIDENCE AS RES GESTÆ. A person was wrongfully arrested and beaten by a police officer, and then taken to the recorder's office; there the officer detained him, owing to the absence of the recorder, and swore at him. *Held* that what occurred at the recorder's office was a part of the *res gestæ*, and that evidence thereof was admissible against the officer in a criminal proceeding against him for assault and battery.

4. ———: INSTRUCTION DEFINING REASONABLE DOUBT. An instruction defined a reasonable doubt, such as would warrant an acquittal as "a substantial and well-founded doubt in the case, arising out of the evidence in the case, and not a mere possibility that the defendant is innocent." *Held* that the instruction properly defined the doubt as "a substantial doubt," and not as "a real and substantial doubt."

5. **Right of Police Officer to Arrest a Citizen for Supposed Violation of City Ordinance.** At common law a police officer has no authority to arrest for a misdemeanor, not committed in his presence, without a warrant and on mere suspicion or belief.

6.  Criminal Law : PRACTICE, APPELLATE.  When a fine imposed in a criminal proceeding is within the limit allowed by the statute, the claim that it is excessive cannot be considered by this court.

*Appeal from the Greene Criminal Court.*—HON. M. OLIVER, Judge.

AFFIRMED.

*Wear & Wright*, for appellant.

*H. E. Havens*, Prosecuting Attorney, for respondent.

THOMPSON, J.—This was a criminal information before a justice of the peace for an assault and battery. The defendant was convicted before the justice and fined $40 and costs.  He appealed to the criminal court of Greene county, where a trial *de novo* was had, which again resulted in his conviction, and in the imposition of a fine of $100 and costs.  He now appeals to this court.

The first assignment of error is that the information was not properly verified.  This assignment is clearly untenable.  The affidavit charges the commission of the act in direct terms, and not upon information and belief.  The cases cited in behalf of the defendant to sustain this assignment of error are totally irrelevant.  In *State v. Hayward*, 83 Mo. 299, 302, the information was supported, as is the one here, by the affidavit of a private person merely ; and that affidavit was sworn to by the affiant " to the best of his information and belief."  In *State v. Ristig*, 30 Mo. App. 360, this court had before it an information verified by a private person, "according to her best information and belief."  In both of these cases the information was held insufficient, because not verified by a person having knowledge of the matter set forth in the information. No such objection can be made to the affidavit here, because it is consistent only with the conclusion that the affiant charges the fact of his own knowledge,

and this is unavoidable, when it is considered that he charges the defendant with committing an assault and battery upon the affiant himself.

The objection, that the affidavit and information were not filed with the justice and also with the clerk of the criminal court, is contradicted by the recitals of the record.

Where the information is supported by the affidavit of a private person it is not necessary that it should be sworn to by the prosecuting attorney or by his assistant. R. S., sec. 4329.

Nor is it necessary that the affidavit should recite that the affiant is a competent witness. *State v. Downing*, 22 Mo. App. 504.

The objection that the information has not the names of any of the witnesses for the prosecution indorsed thereon, as required by section 4057 of the Revised Statutes, is made for the first time in this court. It, therefore, comes too late. It should have been made in the criminal court, and by motion to quash. It could not have been made even by a motion in arrest of judgment, as the indorsements on an information or indictment are no part of the record. *State v. Burgess*, 24 Mo. 381 ; *State v. Nugent*, 71 Mo. 136, as explained in *State v. Roy*, 83 Mo. 268. The last-named case shows that such an irregularity must be taken advantage of by a motion to quash.

In support of the assignment of error, that the evidence does not support the verdict, counsel for the appellant professedly set out a *part* of the evidence only, and ask us to consider that. We have looked at the *whole* evidence, and find that there is substantial evidence to support the verdict. The prosecuting witness testified that the defendant did strike him with his club.

The next assignment of error is that the court should not have admitted the testimony of the prosecuting witness as to what transpired at the recorder's

office after the defendant had arrested the prosecuting witness. In order to understand this assignment of error, it is necessary to state briefly the evidence. It was to the effect, that the prosecuting witness was delivering some goods to customers in the city of Springfield ; that, while he was in a house delivering goods, his horse, which was hitched to his wagon and tied to a post, became frightened at a passing locomotive and broke loose and ran away ; that the prosecuting witness followed the horse for ab ›ut a quarter of a mile, and when he came up with him found that the defendant, who was a policeman, had caught him and was hitching him to a post ; that the prosecuting witness started to take the horse, when the defendant told him that he could not do so, and that he (defendant) would have to take him before the mayor ; that the prosecuting witness told the defendant that he guessed not, and called his attention to the fact that the horse had broken loose ; that the prosecuting witness retreated to an adjacent store, followed by the defendant, who arrested him in the store, seized him by the collar, struck him twice on the head with his billet, and took him to the recorder's office.

The evidence of what took place at the recorder's office was in the following language of the prosecuting witness : "The recorder was not in his office, and the defendant swore at me and said that I must stay there until the recorder returned. I wanted him to take bail and release me which he refused to do." The information charges that the defendant did "unlawfully make an assault in and upon one Lonnie Phillips, and him, the said Lonnie Phillips, did then and there strike, beat, maltreat, bruise," etc. What occurred at the recorder's office seems to have been a part of the *res gestœ* and relevant to the charge that the defendant maltreated the prosecuting witness. All that the defendant did or said to him, while he held him under the arrest, seems to

have been relevant on the question of the *animus* of the defendant, and with reference to the amount of damages,—either in aggravation or in mitigation.

The court gave the jury the following instruction at the request of the state: "The court instructs the jury that, if they have a reasonable doubt as to the guilt, you will acquit him; but such a doubt, to authorize you to acquit him, should be a substantial and well-founded doubt in the case, arising out of the evidence in the case, and not a mere possibility that the defendant is innocent." It is objected to this instruction that the court did not use the expression a *real* and substantial doubt; that it omitted the word "real." In *State v. Owens*, 79 Mo. 619, 632, it was held error to *use* the word real in such an instruction in this connection; and that decision was followed by the Kansas City Court of Appeals in *State v. Smith*, 21 Mo. App. 595. But the supreme court in subsequent decisions, while disapproving of the use of the word real, held that its use, even in a capital case, in such an instruction, is not error for which a conviction will be reversed. *State v. Jones*, 86 Mo. 623; *State v. Payton*, 90 Mo. 220. The instruction, therefore, properly omitted the word real.

The next assignment of error is that the court gave the following instruction to the jury at the request of the state: "That no police has a right to arrest or molest a citizen of Springfield without a writ or warrant for such person, unless he arrests such persons while in the commission of some offense against a city ordinance." The objection to this instruction is that the court forgot to add thereto, although not so requested by the defendant, the following qualification: "Unless the defendant *believed* that Phillips (the prosecuting witness) was guilty of an offense against the city ordinance, and that such *belief* was based upon a fact or circumstance on which to rest." It is not the law in this state that a police officer is authorized to arrest a person,

without warrant, on the mere belief, however well founded, that an offense against a city ordinance, or other misdemeanor, has been committed by the latter. We are referred, in support of the proposition, that the criminal court should have thus qualified this instruction, to the case of *State v. Grant*, 79 Mo. 113. That was a case where a negro was tried and convicted of murder for shooting and killing a police officer in Kansas City, while in the act of arresting him upon a suspicion of the larceny of a pail or tub of butter. The defendant had the butter in his hand and was carrying it off when the policeman attempted to arrest him. All that was said by the supreme court in that case, on the second appeal, in regard to the circumstances under which a police officer may arrest without warrant, should be understood in connection with the facts of the case. It was a case of larceny; the evidence showed that the butter had in fact been stolen, and that the thief was carrying it away. The case was, therefore, one where a police officer attempted to make an arrest, not for a misdemeanor, but presumably for a felony, though possibly for a misdemeanor, and in *flagrante delicto*. Besides, as appeared from the discussion of the supreme court on the first appeal ( 76 Mo. 36 ), there were acts of the legislature, applicable to Kansas City, authorizing police officers of that city to make arrests within the city without warrant. No such acts of the legislature are shown in this case ; nor does it appear by the record,—although we may personally know the facts outside of the record,—whether the city of Springfield is existing under a special charter, or is organized under the general law. The question is, therefore, to be determined by the principles of the common law. By those principles, as well defined and settled in this state, a police officer has no authority to arrest for a misdemeanor, not committed in his presence, on mere suspicion, or at the request of another. *Taaffe v.*

*Slevin*, 11 Mo. App, 507; *State v. Underwood*, 75 Mo. 231; *State v. Holcomb*, 86 Mo. 371.

The last assignment of error, that the fine is excessive, because the defendant is a poor man, and acted in good faith when he arrested the prosecuting witness, and because the prosecuting witness was not injured, presents a matter which cannot be considered by an appellate court. It is enough for us to see that the fine was within the limit allowed by the statute; we cannot exercise the pardoning power by reducing it.

The judgment of the criminal court of Greene county will be affirmed. It is so ordered. All the judges concur.