STATE of Missouri, Plaintiff-Respondent,

v.

Robert Andrew SNEED,
Defendant-Appellant.

No. 36072.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 14, 1975.

---

London & Greenberg, Lawrence J. Fleming, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Frank Kaveney, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

STEWART, Judge.

Defendant was charged with stealing property of the United Lutheran Church—a cash box containing approximately $34—from the person of one William Moss. A jury found him guilty as charged and assessed punishment at two years imprisonment in the Missouri Department of Corrections. Defendant has appealed from the ensuing judgment.

Defendant does not challenge the sufficiency of the evidence to sustain the conviction; a brief statement will suffice. William Moss, an officer of Unity Lutheran Church, and his wife were leaving the rear of the Sunday School building en route to their car which was on the parking lot. Mr. Moss was carrying a cash box in his left hand. The box contained $34.25 in cash and $120.00 in redeemable stamps which were for use in the extension fund project of the church. As they were crossing the parking lot defendant and another man approached them. The one man bumped Mr. Moss on the right side and as he did so defendant grabbed the cash box and ran across the parking lot. Mr. Moss chased defendant into a residential area and between two houses. As defendant jumped a fence he lost his balance and Mr. Moss went over the fence and landed upon him and recovered

the cash box. They started to walk back to the church. Defendant got about ten feet in front of Mr. Moss. At about this time Mr. Oliver Overy, the church custodian, who had been summoned to assist, came toward them. As Mr. Overy approached, defendant attempted to withdraw an object from his right topcoat pocket. Mr. Overy saw the butt of a gun which had apparently hung up in the coat pocket. Mr. Overy grabbed defendant's arm but defendant broke loose and ran. Mr. Overy ran after defendant and subdued him. Mr. Overy grabbed defendant by the right arm and Mr. Moss reached them and grabbed defendant by the left arm and they escorted defendant back to the church. A police officer arrived within two minutes and took a .45 caliber revolver from the right hand pocket of defendant's topcoat. The gun was fully loaded, however, it was inoperative because it lacked a firing pin.

■ Defendant lodged a continuing objection to all references to the gun made in opening statement, in testimony, and in the closing argument. Defendant also objected to the introduction of the gun and clip as an exhibit. Defendant's contention is that "such evidence was irrelevant to the offense charged and highly inflammatory and prejudicial to defendant." In his argument defendant takes the position that the evidence to which he objects was inadmissible because it constituted evidence of other crimes.

Defendant's contention had been specifically ruled in *State v. Garner*, 360 Mo. 50, 226 S.W.2d 604 (1950). In that case defendant was convicted of assault to do great bodily harm with "a speeding automobile". The defendant was pursued by the police and came to a halt only after the policeman pulled alongside with a drawn pistol. Over objection, the trial court permitted the police officer to testify that when they got to the car the defendant was crouched upon the floor of the car with a hammer in his hand. The court said l.c. 609:

"Proof of flight, resisting or attempting to escape arrest, and possession (and all the more threatened use) of a weapon (the hammer) at that time, are held competent, as bearing on the question of his guilt or innocence, even though the weapon was not used in the perpetration of the alleged crime."

This has long been the law in Missouri. See *State v. Sanders*, 76 Mo. 35, 36 (1882). The Illinois case of *People v. Gambino*, 12 Ill.2d 29, 145 N.E.2d 42, 45 (1957) contains a lucid exposition of the principle.

■ While the court may have assigned other reasons for the admissibility of this evidence which may be equally valid we feel that the principle above enunciated most precisely rules this point. It will thus serve no purpose to discuss other theories advanced for the admissibility of this evidence because a trial court may not be convicted of error if evidence is admissible on any theory. *State v. Cox*, 508 S.W.2d 716 (Mo.App.1974).

■ Defendant did not testify but called his wife as a witness. Mrs. Sneed testified that she had been married to defendant for six years and that they had a son four years of age; that her husband had been "nervous and worried", "upset for a while". He was worse the night before this incident. The court sustained the objection to defendant's offer to prove by Mrs. Sneed that on the night before the incident giving rise to the case the defendant said, ". . . I have got to get money somewhere, I'm going to have to borrow it. I have to find someone to lend me the money I don't want to take it from anybody, but I have to find someone to lend me the money."

Defendant further made an offer to prove by Mrs. Sneed that she had been suffering physical problems and that they had suffered economic reverses all of which had a wearing effect upon his mind, "that he stated on numerous occasions to her that he had to find money. He wanted to borrow. He approached many people." Objec-

tion to this offer of proof was also sustained.

Defendant contends that the above testimony was admissible to show defendant's state of mind immediately prior to the alleged offense. He argues that such statements should be admissible to show lack of intent to permanently deprive the owner of its property.

The evidence respecting defendant's statements to his wife with respect to his desire to borrow money are obviously hearsay and generally inadmissible.

The courts of this State have long held that declarations of an accused with respect to his intentions made before or after the event are not admissible unless they are part of the res gestae, *State v. Shermer,* 55 Mo. 83 (1874); *State v. Gadwood,* 342 Mo. 466, 116 S.W.2d 42, 51 (1937); *State v. O'Neal,* 436 S.W.2d 241, 244 (Mo.1968).

Defendant's "Points Relied On" states that the declarations were "admissible to show defendant's state of mind immediately prior to the alleged offense." He does not argue that the declarations were part of the res gestae nor are the declarations a spontaneous statement produced by the act itself. *State v. O'Neal,* supra.

█ Defendant also argues that the court erred in refusing to admit the testimony respecting his background and personal problems because they were matters to be considered by the jury in assessing punishment. On this matter we are bound by the opinion of the Supreme Court in *State v. Clemmons,* 460 S.W.2d 541 (Mo. 1970). The court there held that the extent to which the defendant may produce evidence with respect to his background is within the sound discretion of the court.

Finding no error we affirm the judgment of the trial court.

CLEMENS, P. J., and KELLY, J., concur.