STATE of Missouri,
Plaintiff–Respondent,

v.

Donald Ray HAMPTON,
Defendant–Appellant.

No. 42684.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 21, 1980.

Bradford A. Brett, Mexico, for defendant–appellant.

Thomas I. Osborne, Pros. Atty., Mexico, for plaintiff–respondent.

DOWD, Presiding Judge.

Appellant was convicted of the misdemeanor of driving while intoxicated upon jury verdict. Appellant does not contend the evidence would not support his conviction. The jury's verdict set appellant's punishment at 30 days imprisonment in the county jail and recommended the court fine appellant. The trial court imposed no jail sentence but fined the appellant.

In his first point relied on, appellant argues the trial court erred in sustaining the state's objections to portions of appellant's testimony concerning appellant's employment and problems with and treatment for alcoholism and testimony by appellant's physician concerning appellant's treatment for alcoholism. Appellant concedes the excluded evidence was evidence of extenuating and mitigating circumstances. He argues such evidence should be presented to the jury because the jury's recommendation as to incarceration will form the outside limit of his sentence and that to withhold such evidence from the jury deprives appel-

lant of his constitutional rights to a jury trial, due process and equal protection. Appellant cites no case to support his position.

The trial court considered the matter of appellant's problems with and treatment for alcoholism before passing sentence but at trial, sustained the state's objections to appellant's proffered evidence upon the basis the evidence was irrelevant and immaterial because not pertinent to the jury's determination of appellant's guilt or innocence but pertinent only to the question of punishment.

■■■ The rejection of defense evidence upon the ground of irrelevancy is a matter which rests within the trial court's discretion and will be reviewed only for abuse of discretion. *State v. Taylor*, 589 S.W.2d 302, 304–05[3] (Mo. banc 1979). Biographical information about the accused calculated to procure the jury's beneficence and, perhaps the jury's assessment of punishment more favorable to the accused, is irrelevant and immaterial on any issue of the case, including punishment. *State v. Clemmons*, 460 S.W.2d 541, 545–46[2–3] (Mo.1970); *State v. Sneed*, 529 S.W.2d 38, 41[4] (Mo.App.1975). Certainly, in view of *State v. Clemmons, supra,* and *State v. Sneed, supra,* the trial court's exclusion of appellant's proffered testimony was not an abuse of discretion.

■■■ Further, we do not agree with appellant's contention the exclusion of the proffered evidence deprived appellant of his constitutional rights to a trial by jury. Appellant concedes the evidence he sought to present to the jury would pertain only to the matter of punishment. An accused has no constitutional right to have a jury trial upon the issue of punishment. *State v. Daughterty*, 484 S.W.2d 236, 238–39[4] (Mo.

1972); *State v. Morton*, 338 S.W.2d 858, 861[3] (Mo.1960); *State v. Garrett*, 595 S.W.2d 422, 434[31] (Mo.App.1980).[1]

In his second point relied on, appellant argues the trial court erred by submitting jury instructions which were conflicting and confusing concerning the matter of punishment thus depriving appellant of his constitutional rights to a jury trial. The trial court gave MAI–CR 31.02 as the verdict directing instruction for driving while intoxicated. The instruction provides in part:

"If you [the jury] do find the defendant guilty of driving while intoxicated, you will assess and declare the punishment at imprisonment for a term fixed by you but not to exceed six months."

The court also gave MAI–CR 2.60 which provides:

"You are further instructed that if you find the defendant guilty of driving while intoxicated as submitted in Instruction No. 5, the court may, under the law, sentence the defendant to either:

1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or

2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or

3. Both such imprisonment and the payment of such a fine.

In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you."

---

1. It is true, as argued by appellant, that the jury does possess the statutory authority to assess, in the first instance, punishment for the crime of driving while intoxicated and that, although the statute provides for increased penalties for subsequent offenses, the persistent offender act is not applicable. § 557.036 RSMo 1978; *State v. Smith*, 591 S.W.2d 263 (Mo.App.1979). The persistent offender act, § 558.016 RSMo 1978, permits the trial court to assess punishment in the first instance. The scheme of sentencing contemplated by Section 557.036, *supra*, in cases such as appellant's is that the jury declares punishment based upon the circumstances of the crime as shown by the evidence and that the jury's declaration becomes the maximum punishment to which appellant can be sentenced. The trial court, however, retains the final authority to impose punishment "under all the circumstances" including "the history and character of the defendant." § 557.036, *supra*.

The instructions of which appellant complains were the applicable MAI–CR instructions and their use has been mandated by Supreme Court Rule 28.02(c). It is not for us to declare erroneous those pattern criminal instructions which have been adopted for standard use by the Supreme Court. *State v. Grady*, 577 S.W.2d 930 (Mo.App.1979); *State v. Washington*, 570 S.W.2d 838 (Mo.App.1978). We rule appellant's final contention against him.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.