STATE of Missouri, Respondent,

v.

**Jeffrey CHRISTIAN, Appellant.**

**Jeffrey CHRISTIAN, Appellant,**

v.

STATE of Missouri, Respondent.

Nos. 59825, 62153.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 9, 1993.

---

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

A consolidated appeal. Defendant was charged with stealing over $150, assault in the third degree, and tampering with a witness. He was tried by jury and found guilty on all three counts. Defendant appeals his conviction and the denial of his 29.15 motion without an evidentiary hearing. We remand for a hearing on Defendant's *Batson* challenge and otherwise affirm.

On October 31, 1989, Defendant and his friend visited Defendant's sister (Sister) at her home. Defendant and his friend stayed for about an hour, then left. After they left, Sister discovered three of her rings were missing and called the police. On November 1, 1989, Defendant called Sister. Sister asked him where her rings were. Defendant responded, "Don't worry about it. You'll get it. Yes, I stole them." When she demanded he return the rings,

he began screaming obscenities and threatened to kill her son and destroy her house.

On December 7, 1989, Sister was on the way to her car when Defendant approached her. He asked her, "Are you going to prosecute?" She responded, "What do you think? You took my rings. I want them back." Defendant hit her in the face with his fists. He kicked her and yelled obscenities.

On December 16, 1989, the police found two of Sister's rings at a pawn shop. That same day, Defendant called Sister five times. He told her he would kill her if she testified against him. He made similar calls throughout the next two weeks. Each time Sister received a call, she wrote down the date and time.

■ In his first point, Defendant asserts the trial court erred when, after Defendant raised a *Batson* challenge, the court failed to ask the prosecutor to articulate his reasons for striking two black venirepersons from the jury panel. The State concedes that, under *State v. Parker,* 836 S.W.2d 930, 939[12] (Mo.banc 1992); and *State v. Antwine,* 743 S.W.2d 51, 64[13] (Mo.banc 1987), the trial court was required to ask the prosecutor for explanations once Defendant raised the *Batson* issue and identified the race of the struck jurors. We remand for a hearing on whether the prosecutor used his challenged strikes in a discriminatory manner.

■ In his second point, Defendant contends the trial court plainly erred in sustaining the State's objection to Defendant's testimony about his incarceration pending trial. Defendant testified he turned himself over to police after learning of a warrant for his arrest at the beginning of 1990. Defense attorney asked Defendant whether he was then incarcerated; Defendant answered, "yes." The trial judge sustained the prosecutor's objections to further questions about Defendant's incarceration based on the prosecutor's assertion the inquiry was "improper."

Defense attorney made an offer of proof asserting "for part of the time it's alleged that my client was tampering with a wit-

ness in Count III that he was confined in the St. Louis County Adult Correctional Institution and would have been unable to make the phone calls that are alleged by the State." Defense attorney did not offer exactly when Defendant's incarceration began.

The amended information charged Defendant tampered with a witness by making threats to Sister between December 15, 1989 and January 20, 1990. Sister testified she received threatening phone calls from Defendant five times on December 16, once on December 17, twice on December 18, once on December 29, and twice on January 1. The record does not reveal any evidence of threatening phone calls made after January 1, 1990.

■ A trial court's ruling on the admissability of evidence will be upheld if it is sustainable on any theory. *See State v. Sneed,* 529 S.W.2d 38, 40[2] (Mo.App.1975). Defendant's testimony was properly excluded because it was irrelevant. The excluded testimony bore only on Defendant's ability to make phone calls during a period which began some time in early January. Since the record furnished us does not indicate any evidence of phone calls after January 1, 1990, the testimony was irrelevant. *See State v. Wood,* 596 S.W.2d 394, 402[19] (Mo.banc), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). We find no manifest injustice. Point denied.

■ In his third point, Defendant asserts the trial court plainly erred in giving a reasonable doubt instruction patterned after MAI–CR3d 302.04 in that the definition of reasonable doubt in the instruction "allowed the jury to find [Defendant] guilty based on a degree of proof that was below that required by the due process clause."

The reasonable doubt instruction has been challenged repeatedly under this same theory, and it has been upheld repeatedly. *State v. Twenter,* 818 S.W.2d 628, 634[5] (Mo.banc 1991). "These cases of recent origin firmly establish that the instruction complained of does not violate constitutional standards by decreasing the state's burden of proof." *Id.* Further, *Cage v. Loui-*

*siana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), cited by the Defendant, did not change Missouri law. Point denied.

■ In Defendant's fourth point, he contends the motion court clearly erred in denying without an evidentiary hearing his 29.15 motion which was based on ineffective assistance of counsel. He argues he "pleaded factual allegations which, if proved, would warrant relief and which are not refuted by the record ... in that trial counsel failed to meet or discuss the case with [Defendant] a sufficient amount to prepare for trial and failed to inform him of the possibility of making an *Alford* plea."

■ Our review is limited to a determination of whether the motion court's findings, conclusions and judgment are clearly erroneous. *State v. Henderson,* 826 S.W.2d 371, 377[15] (Mo.App.1992). A movant is entitled to an evidentiary hearing if (1) he alleges facts, not conclusions, which, if true, would warrant relief; (2) he alleges facts which are not refuted by the record; and (3) the matters complained of resulted in prejudice to his defense. *State v. Fitzgerald,* 781 S.W.2d 174, 188[14] (Mo. App.1990). To show prejudice resulted from ineffective assistance of counsel, a movant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Feltrop,* 803 S.W.2d 1, 20[46] (Mo.banc.1991).

In his motion, Defendant asserts "had counsel made adequate attempts to communicate prior to trial, [Defendant] could have more effectively assisted counsel in preparing a defense." The fact that a movant's attorney meets with him only once does not, in itself, demonstrate that the attorney was ineffective. *See Atkins v. State,* 741 S.W.2d 729, 731[5] (Mo.App.1987). Defendant does not state what information he would have communicated to his attorney if given more time, or how this communication would have helped his case. Thus, Defendant failed to allege facts which, if true, show a reasonable probability that, but for his trial attorney meeting with him only once, the outcome of the proceeding would have been different.

We turn to Defendant's allegation that his trial attorney was ineffective for failing to inform him of the possibility of making an *Alford* plea. *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In his motion, Defendant asserts "had counsel informed [Defendant] before trial of the possibility of entering a plea of nolo contendere, [Defendant] would have had the opportunity to make a fully informed decision as to whether he wanted to proceed to trial. Given such an opportunity, movant may have elected to forego trial in favor of a plea."

Again, Defendant's allegations, if true, fail to demonstrate prejudice. Furthermore, Defendant asserts in his motion that his attorney discussed the possibility of a plea bargain with him. We find no clear error. Point denied.

The case is remanded for a hearing on whether the prosecutor used his challenged strikes in a discriminatory manner. We otherwise affirm.

AHRENS, P.J., and REINHARD, J., concur.