**STATE of Missouri, Respondent,**

v.

**Jeffrey Christian, Appellant.**

**Jeffrey CHRISTIAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 59825, 62153.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 21, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 4, 1993.

Application to Transfer Denied
Dec. 21, 1993.

Jeff Skoglund, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his *Batson* challenge after this court remanded to the trial court pursuant to *State v. Parker*, 836 S.W.2d 930, 939[12] (Mo. banc 1992), to determine whether the prosecutor exercised his peremptory strikes in a racially discriminatory manner. *State v. Christian*, 847 S.W.2d 179, 181[1] (Mo.App.1993). We found the

trial court was required to ask the prosecutor for his explanations for striking two African–American venirepersons before determining whether the strikes were racially motivated. *Id.*

On appeal, Defendant argues the trial court erred in overruling his objection, pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), to the State's strike of Venireperson Barbara Jackson because "the State's explanation for the strike was legally insufficient, and the explanation was a pretextual reason for a racially motivated strike."

Our review of the trial court's determination regarding discrimination is limited to finding it clearly erroneous. *State v. Pullen*, 843 S.W.2d 360, 362–63[3] (Mo. banc 1992).

In *Parker*, 836 S.W.2d at 939[12], the supreme court enunciated the procedure to be followed in addressing a *Batson* objection: (1) Defendant must raise a *Batson* challenge to one or more specific venirepersons struck by the State and identify the cognizable racial group to which they belong; (2) the State must then come forward with "reasonably specific and clear race-neutral explanations for the strike"; and (3) if the State does so, Defendant must then show "the state's proffered reasons for the strikes were merely pretextual and that the strikes were racially motivated."

In determining whether the Defendant has carried his burden of proving intentional discrimination, the *Parker* court held the trial court should view the plausibility of the State's explanations in light of the totality of the circumstances of the case. *Id.* at 939[13]. The court listed several factors for the trial court to consider: (1) the existence of similarly situated white jurors who were not struck; (2) the degree of relevance between the explanation and the case "in terms of the kind of crime charged, the nature of the evidence to be adduced, and the potential punishment"; (3) demeanor of both the prosecutor and the venireperson or statements during voir dire; (4) the trial court's past experiences with the prosecutor; and (5) factors bearing on the State's motive to discriminate on the basis of race. *Id.* at 939–40[14].

Further, the court stated: "[T]he state's failure to use all of its strikes against venirepersons of a racial minority, or the presence of a racial minority on the defendant's jury, are relevant factors for consideration only to the extent that they indicate that race was not the prosecutor's motive for the challenged strikes." *Id.* at 940[15].

The trial transcript of voir dire reveals nothing about Venireperson Barbara Jackson. She did not comment during the proceedings to any questions. Neither party has provided us with the jury information sheets. At the hearing on Defendant's *Batson* motion conducted on May 3, 1993, the prosecutor testified he failed to take any notes on why he struck Venireperson Barbara Jackson. He stated, however, he recalled striking her because "she did not respond often to questions and that she in fact represented a hostile demeanor to me." He further testified he had stricken a similarly situated white juror, Venireperson Debra Jackson. He did state he made a notation next to Venireperson Debra Jackson's name, which said, "Mean." No notation was placed next to Venireperson Barbara Jackson's name.

Defendant argues the prosecutor's recollections are clearly pretextual. He contends if the prosecutor had really struck Barbara Jackson because she was "hostile," he would have made a notation next to her name just as he did for Debra Jackson. He further argues if the prosecutor was concerned about Barbara Jackson's hostile demeanor, he could have questioned her, but failed to do so.

The trial court chose to believe the prosecutor's recollection of his reasons for striking Barbara Jackson. We defer to the trial court's decision because of its "considerable discretion in determining whether the demeanor of the venireperson is representative of the prosecutor's characterization." *Pullen*, 843 S.W.2d at 363[6]; *See also, State v. Antwine*, 743 S.W.2d 51, 65[17] (Mo. banc 1987). Further, the State may still rely on legitimate hunches and past experience in deciding whom to strike. *State v. Harris*, 842 S.W.2d 953, 955[1] (Mo.App.1992). The record also shows the prosecutor struck a

similarly situated white juror. In addition, seven African–Americans remained on the jury panel. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.