IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2003 Session

## JOHN MERCER HASTY v. BOBBIE ANNA HASTY

**Appeal from the Chancery Court for Williamson County**
**No. 22162     Russ Heldman, Chancellor**

---

**No. M2002-01756-COA-R3-CV - Filed August 15, 2003**

---

The Petitioner seeks a reduction/termination of his alimony obligation based upon asserted material change of circumstances. The divorce was granted in 1994; thereafter the Respondent began receiving her awarded share of the Petitioner's retirement benefits, and Social Security benefits, both of which were within the contemplation of the parties at the time of the divorce, and thus cannot constitute a material change of circumstances.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which DAVID R. FARMER, and, HOLLY M. KIRBY, J.J., joined.

Ernest Wilson Williams and Anna Elizabeth Freeman, Franklin, Tennessee, attorneys for the Appellant, John Mercer Hasty.

Rose T. Palermo, Nashville, Tennessee, attorney for the Appellee, Bobbie Anna Hasty.

### OPINION

This is an action to reduce or terminate a 1994 alimony *in futuro* award to the Respondent of $1,350.00 monthly subject to a decretal provision that, "this alimony award is specifically subject to requests for modification by either party if a change of circumstances occurs, and the court makes no assumption at this . . . time that either party can or will start to draw Social Security at a certain time or that either party can or will start to draw retirement benefits at a certain time."

The petition to modify was filed in August, 2000. The Petitioner alleged that a substantial and material change of circumstances has occurred since the entry of the final judgment in that (1) the Respondent has a greater income than in 1994, and (2) that she cohabits with a third party who conveyed to her certain assets consisting of an automobile and real estate thereby reducing her need for alimony.

The Respondent concedes that a material change of circumstances has occurred, in that she now receives pension/retirement plan distributions which were unavailable in 1994, but which were considered by the trial court in resolving all issues and thus cannot be considered as a change in circumstances within the purview of Tenn. Code Ann. § 36-5-101(d)(1).

Following a somewhat protracted hearing the trial court ultimately dismissed the petition, and this appeal followed. Petitioner does not present issues for review as required, *see* Rule 27(a)(4), Rules of Appellate Procedure, but we may justiciably deduce that he insists (1) the trial court erred in failing to find that the Respondent was living with a third person who presumptively was contributing to her support thus requiring a suspension of all or a portion of the alimony obligation, and (2) that the Respondent's income is greater than in 1994, and thus her need for alimony is proportionally reduced.[1]

Discussion

I.

The Petitioner is sixty-eight years old. He is a professor at Tennessee State University. He admits his ability to pay the decretal award[2] and has never defaulted. He insists that since the Respondent receives $763.59 monthly as her share of the Petitioner's pension, and $523.00 Social Security benefits monthly, both events subsequent to the 1994 divorce, that his alimony obligation of $1,350.00 per month should be reduced. The proof is clear on the point that the Respondent's entitlement to these two (2) sources of income existed at the time of trial in 1994, and to be material these changed circumstances must appear to have been unforeseeable by the parties at the time the divorce judgment was entered. *Seal v. Seal*, 802 S.W.2d 620 (Tenn. Ct. App. 1990); *McCarty v. McCarty*, 865 S.W.2d 716 (Tenn. Ct. App. 1992); *Elliott v. Elliott*, 825 S.W.2d 87 (Tenn. Ct. App. 1991); *Wright v. Quillen*, 85 S.W.3d 768 (Tenn. Ct. App. 2002).

The Petitioner relies upon the somewhat cryptic statement in the 1994 judgment that the trial judge "making no assumption at this time that either party can or will start to draw Social Security

---

[1] Petitioner, on appeal, insists that he cannot retire because of his alimony obligation. He relies upon *Bogan v. Bogan*, 60 S.W.3d 721 (Tenn. 2001) which holds that the bona fide retirement of an obligor constitutes a substantial and material change in circumstances so as to permit modification of a spousal award when the decision to retire is objectively reasonable considering the totality of the circumstances. We cannot consider this purported issue because the Petitioner did not allege retirement, imminent or otherwise, as a ground for modification. The issue was superficially enquired into upon the trial, over the objection of Respondent based upon the failure of the Petitioner to assert retirement as a ground for modification. The evidence on this point was scant. For these reasons we do not notice the issue of retirement as it pertains to the related issue of modification of the alimony obligation. As a *caveat*, we hold that this opinion shall in no way be construed as *res judicata* of the issue of modification based upon reduced income owing to retirement.

[2] Notwithstanding this admission, the Respondent initially insisted upon a discovery of the Petitioner's assets. A motion for a protective order resulted in an agreed order that discovery "shall be limited to the previous four years of Federal tax return, and Mr. Hasty shall produce all alimony checks written to the wife in the previous four successive years."

at a certain time or that either party can or will start to draw retirement benefits at a certain time," as essentially mandating a reduction in the ordered alimony if and when these two events occurred. We do not agree. The trial judge, in 1994, merely expressed the legal principle then, as now, extant. We do not construe the statement as requiring the alimony award to be reduced *pro tanto* with the receipt of retirement and Social Security benefits.

## II.

Respondent has a friend with whom the Petitioner insists she is living, thus triggering the application of Tenn. Code Ann. § 36-1-101(a)(3) which provides:

> In all cases where a person is receiving alimony *in futuro* and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
>
> > (A)  The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or
> >
> > (B)  The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation fo the former spouse.

Our review of the factual findings is *de novo* on the record with a presumption that the findings are correct unless the evidence otherwise preponderates. Rule 13(d), Tenn. R. App. P. The trial judge found that the evidence did not support the insistence of the Petitioner that the Respondent was living with a third person who was contributing to her support. Simply stated, the Respondent purchased a condominium with the proceeds of the sale of an asset she owned at the time of the divorce. Her friend lives in the condo, and pays the maintenance fee and taxes. Respondent uses the condo as an office. She admits that she occasionally stays overnight, but she has a separate residence. We cannot find that the evidence preponderates against the finding of the trial judge that the friend does not contribute to the support of the Respondent in any material sense, and that the statute has no application.

The factors set forth in Tenn. Code Ann. § 36-5-101(d), applicable to the initial grant of spousal support and maintenance, where relevant, must be taken into consideration in determining whether there has been a change in circumstances to warrant a modification of the alimony obligation. *Theadgill v. Threadgill*, 740 S.W.2d 419, 422-423 (Tenn. Ct. App. 1987). The factors used to measure amount and length of alimony are a follows:

(A) the relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other resources;

(B) the relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) the duration of the marriage;

(D) the age and mental condition of each party;

(E) the physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) the extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) the separate assets of each party, both real and personal, tangible and intangible;

(H) the provisions made with regard to the marital property as defined in § 36-4-121;

(I) the standard of living of the parties established during the marriage;

(J) the extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) the relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties. Tenn. Code Ann. § 36-5-101.

A consideration of these factors afford the Petitioner no relief. Factor G deals with the separate assets of the parties. Respondent owns the condo, which she acquired as aforesaid, and automobile of no significant value. We cannot say that the evidence preponderates against the finding of the trial judge that a consideration of all of these factors impel the conclusion that no

material change of circumstances has been shown.  *See, Watters v. Watters*, 22 S.W.3d 817 (Tenn. Ct. App. 1999); *Bogan v. Bogan*, 60 S.W.3d 721 (Tenn. 2001).

The judgment is accordingly affirmed.  In light of the substantial fees awarded by the trial court, and in the exercise of our discretion, the Respondent's attorney fees on appeal are denied.

The Petitioner will pay the costs.

_____
WILLIAM H. INMAN, SENIOR JUDGE